

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00083-CR

_____

MARCOS STEVEN MEHLHOFF, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1927484

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

Pursuant to a plea agreement, Marcos Steven Mehlhoff pled no contest to a reduced charge of indecency with a child by exposure.[1]  The trial court deferred a finding on his guilt and placed him on ten years' community supervision.  About two months later, the State filed its motion to proceed with an adjudication of guilt and alleged that Mehlhoff violated six conditions of the community supervision order.  After an evidentiary hearing, the trial court found five of the State's allegations true, granted the State's motion, adjudicated Mehlhoff's guilt, and sentenced him to ten years' imprisonment.

Mehlhoff appeals his revocation.

Appointed counsel filed an *Anders* brief.[2]  *See Anders v. California*, 386 U.S. 738, 744 (1967); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).  In *Anders*, the United States Supreme Court recognized that counsel, though appointed to represent the appellant in an appeal from a criminal conviction, has no duty to pursue a frivolous matter on appeal.  *Anders*, 386 U.S. at 744.  By letter, counsel informed Mehlhoff of his rights to review the record and file a pro se response.  Counsel also mailed Mehlhoff copies of the clerk's and reporter's records, and this Court notified him that any pro se response was due on or before November 30, 2022.  Also, by letter dated December 13, 2022, we notified Mehlhoff that the case would be submitted on briefs on January 3, 2023.  Mehlhoff did not file a pro se response.

---

[1] *See* Tex. Penal Code Ann. § 21.11(a)(2)(B).

[2] Appointed counsel also filed a motion to withdraw as counsel.

After a thorough review of the record, counsel in this case concluded that there were no non-frivolous issues in Mehlhoff's appeal. Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record that demonstrates why there are no arguable grounds to be advanced. We conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *see also Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

We must, "after a full examination of all the proceedings, . . . decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744; *see Penson v. Ohio*, 488 U.S. 75, 82–83 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509–11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals of Wisc., Dist. 1*, 486 U.S. 429, 438 n.10 (1988). Based on our independent review of the entire record in this appeal, we conclude that the appeal is wholly frivolous. In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. "However, appellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error." *Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases).

At the hearing on the State's motion to proceed with an adjudication of guilt, Mehlhoff pled not true to the State's six alleged violations of the community supervision order, and the trial court found that five of the allegations were true. Nevertheless, although the trial court's written judgment adjudicating guilt correctly recites that Mehlhoff pled not true to the State's

3

allegations, it does not specify which of the State's allegations the trial court found to be true. Specifically, page two of the judgment adjudicating guilt recites, "After hearing and considering the evidence presented by both sides, the court **FINDS THE FOLLOWING:** . . . . (5) While on deferred adjudication community supervision, Defendant violated the conditions of community supervision, as set out in the State's Motion to Adjudicate Guilt, as follows." Yet, the judgment includes no conditions of community supervision that Mehlhoff violated. For that reason, we will modify the judgment adjudicating guilt to include the findings made by the trial court at the hearing.

Further, we find that Mehlhoff's counsel substantially complied with the requirements of *Anders* and *Kelly*. Therefore, we grant counsel's motion to withdraw. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318–20.

Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.[3] Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.

---

[3]While an appellant has a right to file a petition for discretionary review with the Texas Court of Criminal Appeals, review is not a matter of right. *See* TEX. R. APP. P. 66.2; TEX. CONST. art. V, § 5(b).

We modify page two of the judgment adjudicating guilt by adding—after the phrase "(5) While on deferred adjudication community supervision, Defendant violated the conditions of community supervision, as set out in the State's Motion to Adjudicate Guilt, as follows:"—the following:

1. Condition H(1) of his community supervision in that the Defendant failed to pay a community supervision fee of $60 per month to the 8th Judicial District Community Supervision and Corrections Department (CSCD) on or before the 15th day of each month for the month of February 2022;

2. Condition H(3) of his community supervision in that the Defendant failed to pay a sex offender supervisory fee of $5.00 per month to the 8th Judicial District CSCD on or before the 15th day of each month during the period of community for the months of February and March 2022;

3. Condition I of his community supervision in that the Defendant failed to pay a onetime Crimestoppers fee of $50.00 within 60 days of the date of the Community Supervision order;

4. Condition K of his community supervision in that the Defendant possessed a firearm;

5. Condition BB of his community supervision in that the Defendant failed to comply with the sex offender registration requirements as required under Article 62.002 (b) of the Texas C.C.P.

We affirm the trial court's judgment, as modified.

Charles van Cleef
Justice

Date Submitted: January 3, 2023
Date Decided: February 1, 2023

Do Not Publish

5